EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Enmiendas al Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico | 2022 TSPR 154 <br><br> 211 DPR ___ |

Número del Caso: ER-2022-03


Fecha: 28 de diciembre de 2022



Materia: Enmiendas al Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Enmiendas al Reglamento para
la Asignación de Abogados y
Abogadas de Oficio de Puerto
Rico

ER-2022-03

RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de diciembre de 2022.

En virtud de la facultad del Tribunal Supremo para reglamentar la profesión de la abogacía en Puerto Rico y conforme a nuestra autoridad de establecer los procedimientos necesarios para facilitar la sana administración de la justicia, se resuelve adoptar las siguientes enmiendas al *Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico* (Reglamento), 201 DPR 261 (2018), según enmendado:

**Regla 7. Alcance del Reglamento; banco de abogados y abogadas de oficio**

Toda persona autorizada por el Tribunal Supremo para ejercer la abogacía en Puerto Rico se incluirá en el banco de abogados y abogadas de oficio, salvo que le aplique una causa de exclusión o de exención establecida en esta regla.

(a) *Causas de exclusión*. Se excluirá de la aplicación del Reglamento al abogado y a la abogada que:

(1) no figure como "activo" en el RUA, ya sea por baja voluntaria, por solicitud de cambio a "inactivo", por la suspensión definida

o indefinida de la profesión, o por la separación del ejercicio de la abogacía decretada por el Tribunal Supremo;

　　　　(2) haya cumplido sesenta y ocho (68) años;

.　　　.　　　.　　　.　　　.　　　.　　　.　　　.

**Regla 8. Proceso de determinación de indigencia, selección de representación de oficio y notificación de la orden de asignación; deberes del tribunal**

.　　　.　　　.　　　.　　　.　　　.　　　.

　　　(c) *Selección de la representación legal de oficio*. Determinada la indigencia de la persona conforme a este Reglamento, y tras considerar los factores dispuestos en la Regla 5(d) para los procedimientos judiciales de naturaleza civil, el tribunal realizará la asignación de representación legal de oficio a través del Módulo de Asignaciones de Oficio, conforme al siguiente orden:

　　　　(1)　En primer término, se seleccionarán los abogados y las abogadas que voluntariamente soliciten figurar en los primeros turnos del banco de oficio; y

　　　　(2)　Agotados dichos voluntarios, se procederá a seleccionar al abogado o la abogada cuyo nombre esté próximo en turno en el banco de abogados y abogadas de oficio según el orden de antigüedad y la zona judicial. Sin embargo, para fines de esta selección por orden de antigüedad y zona judicial no podrá asignarse ningún abogado o ninguna abogada que haya cumplido con el número de horas requeridas por la Regla 11 hasta tanto se haya agotado el banco de abogados y abogadas de oficio en la zona judicial correspondiente. Asimismo, al agotarse los abogados y las abogadas disponibles en la zona judicial aplicable, se comenzará nuevamente con el primer abogado o la primera abogada en el turno correspondiente, conforme sugiera el Módulo de Asignaciones de Oficio, y así, sucesivamente, según sea necesario.

　　　A tales fines, el Módulo de Asignaciones de Oficio dividirá el universo de profesionales del Derecho disponibles para recibir asignaciones de oficio, de modo que los voluntarios figuren en los primeros turnos del banco de oficio. Luego de esto, se activará el segundo orden de asignación, el cual

operará por orden de antigüedad y en zonas judiciales.

Se faculta a la Oficina de Administración de los Tribunales a emitir aquellas directrices adicionales que puedan resultar necesarias para viabilizar que abogados y abogadas soliciten voluntariamente figurar en los primeros turnos del banco de abogados y abogadas de oficio, sin sujeción al orden de antigüedad. Asimismo, conforme a la disponibilidad de fondos, se autoriza a la Oficina de Administración de los Tribunales a implementar un sistema de compensación que permita que los abogados y las abogadas que figuren en los primeros turnos del banco devenguen honorarios por los servicios prestados desde el inicio de la representación legal de oficio y sin necesidad de acumular un mínimo de horas *pro bono*, a base de $80 por hora, tanto por el tiempo dedicado a la investigación y las gestiones realizadas para la preparación del caso fuera del tribunal como por las horas invertidas en el salón de sesiones del tribunal, en comparecencias al tribunal mediante videoconferencias y en la preparación de recursos en etapas apelativas. El pago por hora se computará proporcionalmente en incrementos de cuartos de hora (.25).

(d) *Obligación de seguir el orden de asignaciones sugerido por el Módulo de Asignaciones de Oficio*. El tribunal deberá seguir el orden de asignaciones que produzca el Módulo de Asignaciones de Oficio para asegurar la uniformidad en el proceso de asignación de representación legal, salvo que:

(1) un abogado o una abogada se ofrezca a representar de oficio a la parte indigente conforme lo dispuesto en la Regla 10 sobre la representación voluntaria *pro bono* ante el tribunal;

(2) se den las circunstancias presentadas en el inciso (i) de esta regla sobre la evaluación de fraccionamiento en la representación legal;

.    .    .    .    .    .    .

(h) *Criterios para autorizar el relevo de representación legal*. Realizada la asignación de oficio, solo podrá relevarse al abogado o a la abogada que presente una moción al tribunal y demuestre una causa justificada conforme con lo dispuesto en el ordenamiento ético. El tribunal deberá evaluar si, conforme dispone la Regla 9(b)

de este Reglamento, existe justa causa para conceder el relevo de representación legal y diferimiento. Si procede el relevo de representación legal, el tribunal asignará el caso a la siguiente persona en turno en el banco de abogados y abogadas de oficio.

La indigencia sobrevenida por parte de una persona con representación legal privada no constituirá causa suficiente para conceder el relevo, salvo lo dispuesto en el inciso (i) de esta regla. Como regla general, los conflictos en calendario tampoco serán fundamento para autorizar el relevo de representación legal y diferimiento del caso particular. Sin embargo, de manera excepcional, el tribunal podrá tomar en consideración el calendario de señalamientos cercanos del abogado o de la abogada y la necesidad de evitar una dilación irrazonable en el trámite del procedimiento particular para determinar si procede el relevo y diferimiento solicitado.

.     .     .     .     .     .     .

**Regla 9. Proceso de determinación de indigencia, selección de representación de oficio y notificación de la orden de asignación; deberes del abogado o de la abogada**

.     .     .     .     .     .     .

(b) *Responsabilidad del abogado o de la abogada que recibe notificación de la orden de asignación; justa causa*. Todo abogado o toda abogada que solicite relevo de una asignación de oficio deberá explicar las razones que justifican el diferimiento y el relevo de la representación legal en el caso particular, conforme dispone el inciso (h) de la Regla 8 de este Reglamento. En la moción deberán establecerse las razones que constituyen justa causa. Entre otras razones, se considerará justa causa que:

(1) la asignación sería onerosa en vista de la cantidad de asignaciones de oficio recibidas o de la cantidad de horas de oficio *pro bono* ofrecidas en la representación de oficio y certificadas al amparo de este Reglamento durante el año fiscal en curso;

(2) durante el año fiscal el abogado o la abogada recibió tres (3) asignaciones previas que le requirieron una inversión sustancial de tiempo. Se entenderá que un abogado o una abogada realizó

una inversión sustancial de tiempo cuando las tres (3) asignaciones de oficio al amparo de este Reglamento le han requerido en el año fiscal en curso*:*

       (i) la prestación, en el agregado, de más de cincuenta (50) horas certificadas por el tribunal, o

       *(*ii) la atención de juicios criminales en su fondo*.*

       (3) la asignación implicaría un quebrantamiento de los deberes éticos de diligencia y competencia, o

       (4) existen conflictos de intereses personales, éticos o profesionales.

       Expresamente se dispone que la enumeración antes expuesta no es taxativa, por lo que todo abogado o toda abogada podrá solicitar un relevo de una asignación de oficio por otras razones que constituyan justa causa.

     .     .     .     .     .     .     .

**Regla 10. Representación voluntaria *pro bono* ante el tribunal.**

       El abogado o la abogada que interese representar de forma voluntaria a una persona indigente en un procedimiento judicial podrá solicitar figurar en los primeros turnos del banco de abogados y abogadas de oficio, que se le asigne como una representación legal de oficio o que sus servicios se acrediten para fines de la exención anual por servicio *pro bono* al amparo de los criterios siguientes:

       (a) *Turnos prioritarios en el banco de oficio.* Los abogados y las abogadas podrán solicitar figurar en los primeros turnos del banco de abogados y abogadas de oficio, conforme lo dispuesto en la Regla 8(c).

       (b) *Representación voluntaria asignada de oficio.* [...]

     .     .     .     .     .     .     .

       (c)*Representación voluntaria pro bono.* [...]

     .     .     .     .     .     .     .

**Regla 11. Compensación y convalidación de créditos por la asignación de oficio**

El abogado o la abogada que el tribunal asigne de oficio tendrá derecho a la compensación de honorarios, en conformidad con las disposiciones en este capítulo. En cada año fiscal deberá acumular un mínimo de treinta (30) horas *pro bono* mediante la prestación de servicios de representación legal de oficio previo a recibir compensación por honorarios, salvo lo dispuesto en la Regla 8(c).

.    .    .    .    .    .    .    .

**Regla 12. Honorarios por el servicio de representación legal de oficio**

Salvo por lo dispuesto en la Regla 8(c), sobre los abogados y las abogadas que voluntariamente figuren en los primeros turnos del banco de abogados y abogadas de oficio, los honorarios por las gestiones realizadas de oficio en procedimientos de naturaleza penal o civil, en exceso de las treinta (30) horas establecidas en la Regla 11 de este Reglamento, se determinarán a base de $60 por hora, tanto por el tiempo dedicado a la investigación y las gestiones realizadas para la preparación del caso fuera del tribunal como por las horas invertidas en el salón de sesiones del tribunal, en comparecencias al tribunal mediante videoconferencias y en la preparación de recursos en etapas apelativas. El pago por hora se computará proporcionalmente en incrementos de cuartos de hora (.25).

La compensación por los servicios rendidos por un abogado o una abogada de oficio estará sujeta a los límites de compensación que la Oficina de Administración de los Tribunales pueda establecer, si alguno, en procedimientos de naturaleza penal o civil por año fiscal. Los Jueces Administradores o las Juezas Administradoras y el Tribunal Supremo en los casos ante su consideración, tendrán la facultad de autorizar honorarios en exceso de aquellos límites de compensación que la Oficina de Administración de los Tribunales pueda establecer, si alguno, en consideración a los criterios dispuestos en la Regla 14 de este Reglamento.

.    .    .    .    .    .    .    .

**Regla 13. Certificación de horas trabajadas por una asignación de oficio**

Será deber del abogado o de la abogada de oficio solicitar la certificación de las horas trabajadas de oficio no más tarde de diez (10) días del mes siguiente al que prestó el servicio. El abogado o la abogada presentará y desglosará todas las gestiones de oficio realizadas en el caso, con el detalle del número de horas trabajadas y la fecha de cada gestión.

. . . . . . . .

**Regla 14. Procedimiento para solicitar honorarios**

. . . . . . . .

La reclamación de pago de honorarios contendrá la información siguiente:

(1) el número del caso y del salón de sesiones al que esté asignado el caso;

(2) la cantidad del pago de honorarios reclamados, justificada a través del desglose de horas trabajadas;

(3) [...]

(4) [...]

(5) [...]

(6) [...]

Si el abogado o la abogada interesa la autorización de honorarios en exceso de aquellos límites de compensación que la Oficina de Administración de los Tribunales pueda establecer, si alguno, deberá indicarlo en la solicitud y especificará los asuntos que justifiquen una excepción al límite compensable junto con evidencia que sustente su petición. En el ejercicio de su discreción, el Tribunal Supremo o los Jueces Administradores o las Juezas Administradoras, según aplique, podrán aprobar el pago de honorarios en exceso cuando así lo justifiquen el tiempo invertido, la complejidad del caso y los asuntos novedosos planteados.

Evaluada la información presentada y la corrección de los documentos, dentro de un término de treinta (30) días contados a partir del recibo

de la solicitud, el Tribunal Supremo o el Juez Administrador o la Jueza Administradora aprobará el pago de los honorarios que correspondan y precisará la cantidad por pagarse. De exceder algún límite compensable, detallará las razones que sustentan su determinación. Deberá remitir la información a la Oficina de Administración de los Tribunales para que esta proceda con el trámite ante el Departamento de Hacienda.

        .    .    .    .    .    .    .    .    .

**Regla 16. Procedimiento para solicitar el rembolso de gastos adelantados por un abogado o una abogada de oficio**

        Cuando un abogado o una abogada de oficio opte por adelantar el pago de los gastos de litigio podrá procurar su rembolso mediante una solicitud que presentará no más tarde del décimo (10mo) día calendario del mes siguiente al que se emitió el pago. La solicitud contendrá un desglose de todos los gastos susceptibles de rembolso, las fechas en que se emitieron los pagos, la cantidad por rembolsar y copia de los documentos que los acrediten. Deberá presentar, además, la autorización previa del tribunal al amparo de la Regla 15(c) de este Reglamento, cuando aplique.

        .    .    .    .    .    .    .

        Estas enmiendas entrarán en vigor sesenta (60) días después de su aprobación.

        Notifíquese por correo electrónico al Director Administrativo de los Tribunales, a la Directora del Secretariado de la Conferencia Judicial y Notarial, a la Directora interina de la Directoría de Programas Judiciales y al Director de la Oficina de Prensa del Poder Judicial.

Publíquese.

        Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina.


                                María I. Colón Falcón
                        Secretaria del Tribunal Supremo Interina